# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# EASTERN DIVISION

NATHANIEL MICHAEL HOLYFIELD,

    Movant,

vs.

UNITED STATES OF AMERICA.

No. C08-1033-LRR
No. CR07-1005-LRR

ORDER

---

    This matter appears before the court on Nathaniel Michael Holyfield's motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 (docket no. 1). On October 16, 2008, Nathaniel Michael Holyfield ("the movant") filed his 28 U.S.C. § 2255 motion. The court previously dismissed some of the movant's claims and elected to hold an evidentiary hearing on his failure to file a notice of appeal claim. On January 3, 2012, the court held such evidentiary hearing. Dan Chatham represented the government, and court-appointed counsel, that is, Rockne Cole, represented the movant, who appeared via telephone.

    Consistent with the findings made during the hearing, the court concludes that defense counsel, that is, Sara L. Smith, is telling the truth and that the movant never asked defense counsel to file a direct appeal. The movant is not credible in light of the terms of the plea agreement and the appeal waiver. The record clearly establishes that defense counsel discussed the option of filing an appeal with the movant several times after his sentencing and he elected not to appeal so that he could leave open the possibility of obtaining relief under Federal Rule of Criminal Procedure 35(b). Stated differently, the record bolsters defense counsel's assertions, and nothing in the record lends support to the

movant's bare averments. Because the movant's remaining ineffective assistance of counsel claim is without merit, relief under 28 U.S.C. § 2255 is not available to the movant. Based on the foregoing and the conclusions that the court made in its order dated December 20, 2011, the movant's motion to vacate, set aside or correct sentence shall be denied.

In a 28 U.S.C. § 2255 proceeding before a district judge, the final order is subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held. *See* 28 U.S.C. § 2253(a). Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. *See* 28 U.S.C. § 2253(c)(1)(A). A district court possesses the authority to issue certificates of appealability under 28 U.S.C. § 2253(c) and Fed. R. App. P. 22(b). *See Tiedeman v. Benson*, 122 F.3d 518, 522 (8th Cir. 1997). Under 28 U.S.C. § 2253(c)(2), a certificate of appealability may issue only if a movant has made a substantial showing of the denial of a constitutional right. *See Miller-El v. Cockrell*, 537 U.S. 322, 335-36, 123 S. Ct. 1029, 1039, 154 L. Ed. 2d 931 (2003); *Garrett v. United States*, 211 F.3d 1075, 1076-77 (8th Cir. 2000); *Carter v. Hopkins*, 151 F.3d 872, 873-74 (8th Cir. 1998); *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997); *Tiedeman*, 122 F.3d at 523. To make such a showing, the issues must be debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings. *Cox*, 133 F.3d at 569 (citing *Flieger v. Delo*, 16 F.3d 878, 882-83 (8th Cir. 1994)); *see also Miller-El*, 537 U.S. at 335-36 (reiterating standard).

Courts reject constitutional claims either on the merits or on procedural grounds. "'[W]here a district court has rejected the constitutional claims on the merits, the showing required to satisfy [28 U.S.C.] § 2253(c) is straightforward: the [movant] must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" *Miller-El*, 537 U.S. at 338 (quoting *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000)). When a

federal habeas petition is dismissed on procedural grounds without reaching the underlying constitutional claim, "the [movant must show], at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *See Slack*, 529 U.S. at 484.

Having thoroughly reviewed the record in this case, the court finds that the movant failed to make the requisite "substantial showing" with respect to the claims that he raised in his 28 U.S.C. § 2255 motion. *See* 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b). Because he does not present a question of substance for appellate review, there is no reason to grant a certificate of appealability. Accordingly, the movant's motion for a certificate of appealability (docket no. 28) shall be denied. If he desires further review of his 28 U.S.C. § 2255 motion, the movant may request issuance of the certificate of appealability by a circuit judge of the Eighth Circuit Court of Appeals in accordance with *Tiedeman*, 122 F.3d at 520-22.

**IT IS THEREFORE ORDERED**:

1) The movant's 28 U.S.C. § 2255 motion (docket no. 1) is denied.

2) The movant's motion for a certificate of appealability (docket no. 28) is denied.

**DATED** this 4th day of January, 2012.

LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA